IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CURTIS L. BUSH, ) | |
| ) | |
| Plaintiff, ) | 4:06cv3256 |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| CHAD BURPEE, et al., ) | |
| ) | |
| Defendants. ) | |

The court previously considered the plaintiff's Application for Leave to Proceed in Forma Pauperis ("IFP") filed while the plaintiff was a prisoner. The court has since learned that the plaintiff has been released from custody. A former prisoner, like the plaintiff, who is released from custody after filing a civil complaint must, when ordered to do so, file an Application for Leave to Proceed IFP based on the changed circumstances caused by release from prison. If IFP status is then granted, the plaintiff will be relieved of any remaining liability for the balance of the filing fee. Therefore, if the plaintiff wishes to pursue the above-entitled case which he filed while he was a prisoner, he must now file a new Application for Leave to Proceed IFP as a nonprisoner. See, e.g., McGann v. Comm'r, Social Security Admin., 96 F.3d 28, 30 (2d Cir. 1996) ("A released prisoner may litigate without further payment of fees upon satisfying the poverty affidavit requirement applicable to all non-prisoners.").

In the alternative, the plaintiff may allow the above-entitled case to be dismissed without prejudice, and, if he so wishes, he may file a new case covering the same subject matter, but filed in his current status as a nonprisoner.

IT IS THEREFORE ORDERED:

1.   That the Clerk of Court shall send the plaintiff the form for requesting leave to proceed IFP;

2.   That the plaintiff shall complete the form and return it to the court by December 12, 2006, if he wishes to continue to litigate the above-entitled case;

3.   That if the plaintiff chooses not to continue to litigate the above-entitled case, he may simply elect not to return the new IFP application by December 12, 2006, and instead, he may file a new complaint whenever he decides to do so, within the statute of limitations (four years from the date of the injury complained of);

4. That if the plaintiff does not return the completed IFP application by December 12, 2006, this case will be subject, without further notice, to dismissal, without prejudice, as abandoned;

5. That if the plaintiff does return the new IFP application by December 12, 2006, so as to continue to litigate the above-entitled case, the plaintiff is reminded to keep the court informed of his current address at all times while this case is pending; failure to do so could result in dismissal.

DATED this 22nd day of November, 2006.

BY THE COURT:

s/ F. A. GOSSETT
United States Magistrate Judge