IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CURTIS L. BUSH, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06cv3256 |
| | ) | |
| vs. | ) | ORDER on INITIAL REVIEW |
| | ) | |
| CHAD BURPEE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

    In Response to the court's Memorandum and Order noting that the plaintiff, Curtis L. Bush, has been released from prison and should file a new motion for leave to proceed in forma pauperis ("IFP") based on his changed circumstances caused by release, the plaintiff has done so (filing no. 7). Upon review of the record, filing no. 7 is granted, and the plaintiff is relieved of any liability for the balance of the filing fee. See, e.g., McGann v. Comm'r, Social Security Admin., 96 F.3d 28, 30 (2d Cir. 1996) ("A released prisoner may litigate without further payment of fees upon satisfying the poverty affidavit requirement applicable to all non-prisoners.").

    However, because the plaintiff filed this case while he was still a prisoner, the Prison Litigation Reform Act ("PLRA") remains applicable to this action. Thus, the plaintiff cannot recover damages for emotional distress unless he also sustained a physical injury. See 42 U.S.C. § 1997e(e): "Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Pain is not enough. Also, 42 U.S.C. § 1997e(a) of the PLRA requires exhaustion of administrative remedies before a prisoner files suit in federal court about conditions or events in prison. 42 U.S.C. § 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) means that if grievance procedures were available to the plaintiff at the jail, and the plaintiff did not use them before filing this lawsuit, the plaintiff's claims could be subject to dismissal.

    The plaintiff alleges cruel and unusual punishment by employees of the Lancaster County Jail who denied him a wheelchair after he had sustained a back injury and, instead, forcibly dragged him to and from court and to other locations. Although the plaintiff names three individual jail employees as defendants, he does state whether those persons are sued in their official or individual capacities, or both. In those circumstances, the law presumes that the defendants are sued *only* in their official capacity. See generally Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) (to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously say so in the pleadings).

1

A suit against a public employee in his or her official capacity is actually a suit against the public employer. Kentucky v. Graham, 473 U.S. 159, 165 (1985). Therefore, a claim against a County employee, in his or her official capacity, is in reality a claim against the County. See also Eagle v. Morgan, 88 F.3d 620, 629 n. 5 (8th Cir. 1996), quoting Kentucky v. Graham: "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."

Thus, there is presently only one defendant in this case, Lancaster County. It is important that the plaintiff understand the basis of a claim against the County, as opposed to a claim against specific persons. The basis of a claim against a city or county ("municipal liability") lies **only** in cases where a municipal "policy" or "custom" causes a constitutional violation. To be liable to the plaintiff, a city or county must have implemented an unconstitutional policy, or allowed an unconstitutional custom, which proximately caused injury to the plaintiff's rights. In other words, a county may not be held liable merely because one of its employees violated the plaintiff's civil rights. The county, acting through its agencies or department(s), must have implemented an unconstitutional policy, or allowed an unconstitutional custom, which proximately caused injury to the plaintiff's rights.

If suing just the County is not the plaintiff's intent, he may amend his complaint to specify that the persons named as defendants are sued in their individual capacity or both capacities. If the plaintiff does amend his complaint, he shall request additional summons forms and Form 285s. That is because government employees are served in different locations in their individual and official capacities.

This case is assigned to Senior District Judge Lyle E. Strom. However, a Magistrate Judge may conduct initial review. Having reviewed the complaint, I find that this case need not be dismissed on initial review. Therefore, as initial review is now completed, it is time to obtain service of process on the defendant(s), as set forth below. Because the plaintiff is proceeding IFP, the U.S. Marshal will undertake service of process on the plaintiff's behalf, without cost to the plaintiff, after the plaintiff completes the appropriate forms.

IT IS THEREFORE ORDERED:

1. To obtain service of process, the plaintiff must complete and return forms which the Clerk of Court will provide. The Clerk of Court shall send ONE summons and ONE 285 form to the plaintiff together with a copy of this Order. That is because the defendants in their official capacity, as explained above, are the equivalent, in law, of Lancaster County, Nebraska.

2. The plaintiff shall, as soon as possible, send the completed summons and 285 forms back to the Clerk of Court. In the absence of the completed forms, service of process cannot occur.

3. When completing the forms for service of process on the County, the plaintiff must comply with Neb. Rev. Stat. § 25-510.02(2), which states: "Any county, city, or village of this state may be served by personal, residence, or certified mail service upon the chief

executive officer, or clerk."   The address of the County Clerk is: Lancaster County Clerk, **555 South 10th Street, Room 108, Lincoln, Nebraska 68508**.

      4.      Upon receipt of the completed summons and 285 forms, the Clerk will sign the summons, to be forwarded, together with a copy of the complaint, to the U.S. Marshal for service of process.  The court will copy the complaint for the Marshal.  The Marshal shall serve the summons and complaint without payment of costs or fees.  Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.

      5.      Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint.  However, because in this order the plaintiff is informed for the first time of these requirements, the plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process.  The plaintiff is hereby notified that failure to obtain service on a defendant within 90 days of the date of this order may result in dismissal of this matter without further notice as to such defendant.

      6.      If service has been obtained on no defendant by the deadline set forth above, the Clerk of Court shall bring this case to the attention of the court.

      7.      After an appearance has been filed by a defendant, the plaintiff shall serve on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future pleading, letter or other document submitted to the court.  Parties usually serve copies of documents on other parties by first class mail.

      8      The plaintiff shall include with each document submitted to the court a "**Certificate of Service**" stating the date a true and correct copy of such document was mailed to the defendants or to the attorney of any represented defendant.  **If the plaintiff does not include a Certificate of Service indicating that a copy of a communication to the court has been sent to the other parties to the case, the court will issue a Notice of Deficiency and might strike the plaintiff's communication from the record.**

      9.      A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.  After a defendant enters an appearance, the plaintiff may begin discovery.  The rules regarding written discovery are attached to this Order.

      10.      The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.

      11.      The plaintiff shall keep the court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal.

      12.      IMPORTANT NOTE:  **Any pleading, letter or motion filed by the plaintiff with the court must bear the plaintiff's original signature.**

13.    Filing no. 7, the plaintiff's renewed Motion to Proceed In Forma Pauperis, is granted, and the plaintiff is relieved of any further liability for the balance of the filing fee in this case.

DATED this 5th day of February, 2007.

BY THE COURT:

s/F.A. GOSSETT
United States Magistrate Judge